IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

**IVANA WILLIAMS**                                                                                                     **PLAINTIFF**

**Vs.**                                                                        **CAUSE NO.** 3:24-cv-606-KHJ-MTP

**MISSISSIPPI DEPARTMENT OF PUBLIC SAFETY**                                          **DEFENDANT**

**JURY TRIAL DEMANDED**

## COMPLAINT

COMES NOW, Plaintiff Ivana Williams, by and through counsel, and files her Complaint against the Mississippi Department of Public Safety as follows:

1.

Plaintiff Ivana Williams is an adult resident citizen of Rankin County, Mississippi.

2.

Defendant MISSISSIPPI DEPARTMENT OF PUBLIC SAFETY is a political subdivision of the State of Mississippi. Defendant may be served with process upon the Attorney General, Lynn Fitch, at Carroll Gartin Justice Building, 450 High Street, Jackson, Mississippi, 39201, and upon the Commissioner of the Mississippi Department of Public Safety, Sean Tindell, at 1900 East Woodrow Wilson Avenue, Jackson, Mississippi 39216. Defendant is an arm of the State of Mississippi.

3.

This Court has federal question jurisdiction under 28 U.S.C. § 1331 and civil rights jurisdiction under 28 U.S.C. § 1343, for a cause of action arising under Title VII of the Civil Rights Act of 1964, as amended in 1991. This action is authorized by 28 U.S.C. § 1983.

4.

Plaintiff is a law enforcement officer. She was hired by Defendant and began work on or about March 6, 2018.

5.

On or about February 13, 2024, Plaintiff was informed by hand-delivered letter that she had been discharged by the Defendant.

6.

During Plaintiff's employment, she served the people of Mississippi as a trooper in the Mississippi Highway Patrol. Plaintiff showed initiative and displayed an eagerness to learn and advance her career. Throughout her employment, Plaintiff performed her job exceptionally and met or exceeded the performance of her male peers. Despite this, she was denied employment opportunities and ultimately discharged because she is a woman.

7.

Throughout the course of her career, the Plaintiff was subjected to rampant and uncontrolled sexual harassment by employees of the Defendant Department of Public Safety and other state officials who exerted real or perceived authority over her. Additionally, the Plaintiff suffered sex discrimination throughout the course of her career which limited her advancement within the Department of Public Safety.

8.

The Plaintiff was subjected to sexual harassment from the time she began her training at the Department of Public Safety's Patrol School. While in Patrol School, instructors:

    a) Made sexually suggestive remarks to her,

    b) Patted her on the buttocks in front of male cadets and troopers,

    c) Forced the Plaintiff to lie down and smile at them in a sexual fashion,

    d) Ordered her into the male barracks to jump up and down alone in front of male cadets and instructors so that they could observe her breasts and buttocks,

    e) Separated her from all other cadets and then moaned in a sexual manner to show their approval of the Plaintiff's appearance.

9.

Due to her initiative and drive to become a State Trooper, the Plaintiff endured the behavior of her male superiors and graduated from patrol school.

10.

The Plaintiff assumed that the sexual harassment would have been limited to Patrol School, but she was mistaken. Upon graduation from Patrol School, the Plaintiff began to suffer sexual harassment from superior officers across the Department of Public Safety that continued until her termination.

11.

The Plaintiff was subjected to constant sexual advances by employees of the Department of Public Safety who were in positions of authority over her, including law enforcement officers of superior rank and non-law enforcement administrative employees.

12.

Despite the harassment, the Plaintiff sought to advance her career by applying multiple times for the Department's Special Operations Group (SOG). Despite her qualifications, Plaintiff was systematically denied that opportunity due to sex discrimination.

13.

She ceased efforts to join the SOG after a particularly ugly incident at a gathering of SOG officers at a hotel. One SOG officer brazenly demanded of the Plaintiff, "Let me see your tits" in front of the assembled members of the SOG, and a superior officer within the group sexually propositioned the Plaintiff, inviting her to come to his room.

14.

Her dreams of joining SOG dashed due to sexual harassment and discrimination, the Plaintiff turned her efforts to joining the Department's Mississippi Highway Patrol motorcycle team. She was informed by two members of the motorcycle team that she would not be allowed to join, as the motorcycle team was strictly a "boy's club."

15.

In late 2023, the Plaintiff was reassigned to the Mississippi Highway Patrol's district that covers portions of the Mississippi Delta, some 100 miles from her home in Rankin County. The Plaintiff is a single mother of four children, a fact known to her superiors who ordered the reassignment. There was no legitimate, non-discriminatory reason for the reassignment.

16.

When the Plaintiff made it known she would challenge the reassignment by filing a grievance, she was notified that she would face a due process hearing to determine whether she would be terminated from the Department.

17.

The Plaintiff was in fact terminated in February of 2024 for no legitimate, non-discriminatory reason. In fact, the male individuals who perpetrated the years-long campaign of sexual harassment against the Plaintiff were still employees of the Department at her termination.

Many those employees are still employed by the Department as of the date of the filing of this Complaint, including high-ranking administrative officials. At least one of these officials was involved in the decision to terminate the Plaintiff's employment and has participated in the Department's defense before the Mississippi Employee Appeals Board.

18.

The Plaintiff is female and therefore belongs to a protected class. She was subjected to harassment as described herein and to be shown further to the jury. This harassment was based upon sex. The harassment affected terms, conditions, or privileges of the Plaintiff's employment with the Defendant. Further, the Defendant knew or should have known of the harassment and failed to take remedial actions. In truth and in fact, the extensive harassment of the Plaintiff was perpetrated by her superior officers and administrative officials.

19.

The Plaintiff has filed an EEOC charge, attached hereto as Exhibit 1, and received the right to sue letter, attached hereto as Exhibit 2.

20.

The Plaintiff has suffered lost income, mental anxiety, and stress as a result of the Defendant's actions.

REQUEST FOR RELIEF

Plaintiff requests actual damages in an amount to be determined by a jury, reinstatement to her employment, and reasonable attorneys' fees, costs, and expenses. Plaintiff demands a trial by jury.

RESPECTFULLY SUBMITTED, this the 3rd day of October, 2024.

By: /s/ *J. Matthew Eichelberger*
J. Matthew Eichelberger
MS Bar No. 101060
TX Bar No. 24048941
EICHELBERGER LAW FIRM, PLLC
1640 Lelia Dr, Ste 120
Jackson, MS 39216
Telephone: 601-292-7940
Facsimile: 601-510-9103

ATTORNEYS FOR THE PLAINTIFF

OF COUNSEL:

Madeline M. Iles
MS Bar No. 106186
EICHELBERGER LAW FIRM, PLLC
1640 Lelia Dr, Ste 120
Jackson, MS 39216
Telephone: 601-292-7940
Facsimile: 601-510-9103

Bobby Moak
Law Office of Bobby Moak
MS Bar No. 9915
P.O. Box 242
Bogue Chitto, MS 39629
Telephone: 601-734-2566
Email: bobbymoak402@att.net