IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

IVANA WILLIAMS                                                    PLAINTIFF

V.                                        CIVIL ACTION NO. 3:24-CV-00606-KHJ-MTP

MISSISSIPPI DEPARTMENT OF
PUBLIC SAFETY, SEAN TINDELL,
AND JOHN DOES 1-10                                               DEFENDANTS

## DEFENDANTS' MEMORANDUM IN SUPPORT OF MOTION TO DISMISS FIRST AMENDED COMPLAINT [DOC. 17] UNDER FED. R. CIV. P. 12(b)(6)

### I.    INTRODUCTION AND BACKGROUND

Plaintiff, an employee of the Mississippi Department of Public Safety (MDPS) from March 2018 until February 13, 2024, brings this employment suit. Specifically, Plaintiff asserts Title VII claims for sex discrimination, harassment, and retaliation against MDPS, Section 1983 claims for violations of equal protection and due process against the Commissioner of MDPS, Sean Tindell (Tindell), in his individual capacity,[1] and breach of contract and tortious interference with contract against both Defendants. All of Plaintiff's claims in the Amended Complaint should be dismissed.

First, all of Plaintiff's Section 1983 claim against Tindell are barred for multiple reasons. There is no vicarious liability under Section 1983, and the allegations against Tindell fail to state a constitutional violation, thus he is entitled

---

[1] The Section 1983 claims appear to be asserted against Tindell, individual capacity <u>only</u>. However, to the extent that Plaintiff raises Section 1983 claims against MDPS, they are clearly barred by the Eleventh Amendment. Under the Eleventh Amendment, "§ 1983 actions do not lie against a State." *Arizonans for Off. Eng. v. Arizona,* 520 U.S. 43, 69 (1997) (citing *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989)). And a plaintiff cannot avoid that "bar by suing a state agency or an arm of the State rather than the State itself." *Williams v. Dall. Area Rapid Transit*, 242 F.3d 315, 318 (5th Cir. 2001) (*quoting Richardson v. S. Univ.*, 118 F.3d 450, 452 (5th Cir. 1997)).

to qualified immunity. Regardless, Plaintiff has failed to state plausible § 1983 claims, and they should also be dismissed for that reason under Rule 12(b)(6).

Second, Plaintiff's Title VII claims fail. Under Title VII, Plaintiff must exhaust administrative remedies prior to bringing such claims. However, the vast majority of Plaintiff's claims and allegations occur outside the applicable time period for filing an EEOC charge and thus must be dismissed for failure to exhaust administrative remedies. Further, Plaintiff complains that she was discriminated against and retaliated against because of her sex, female, in violation of Title VII. To the extent any allegations are not barred for failure-to-exhaust, her allegations fail to identify any comparator and fail to show any protected activity. These claims, too, must be dismissed.

Finally, Plaintiff's state law claims fail. Plaintiff did not have an express employment contract with MDPS. To the extent she claims to an have an implied employment contract with MDPS, such a claim is barred under the Mississippi Tort Claims Act (MTCA). Further, Plaintiff has not and cannot state a valid tortious interference with contract claim against MDPS since it is not a "stranger" to any purported contract and Tindell is entitled to privilege. Accordingly, both her breach of contract and intentional interference with contract claims must be dismissed.

## II. <u>LEGAL STANDARD</u>

If the assertions made within a complaint, even presumed as true, "'could not raise a claim of entitlement to relief, this basic deficiency should be exposed at the point of minimum expenditure of time and money by the parties and the court.'" *Yoder*

*v. Mississippi State Univ.*, 2010 WL 364466, at *1 (N.D. Miss. Feb. 1, 2010)(citing *Cuvillier v. Taylor*, 503 F.3d 397, 401 (5th Cir. 2007)). Although the Court must take all factual allegations in the Complaint as true, it is not required to credit "mere conclusory statements" or "threadbare recitals of the elements of a cause of action." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)(citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

To survive a motion to dismiss, a complaint must contain sufficient factual matter ... to 'state a claim to relief that is plausible on its face.'" *Id.* at 678 (quoting *Twombly*, 550 U.S. at 570). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). "[P]laintiffs must allege facts that support the elements of the cause of action in order to make out a valid claim." *Paixao v. City of Greenwood*, 2024 WL 28032, at *2 (N.D. Miss. Jan. 2, 2024)(quoting *Webb v. Morella*, 522 F. App'x 238, 241 (5th Cir. 2013) (additional citation omitted). "Dismissal is appropriate when the plaintiff has not alleged 'enough facts to state a claim to relief that is plausible on its face' and has failed to 'raise a right to relief above the speculative level.'" *Id.* (quoting *Emesowum v. Houston Police Dep't*, 561 F. App'x 372, 372 (5th Cir. 2014)(quoting *Twombly*, 550 U.S. at 555, 570)). "[C]onclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss." *Id.* (quoting *Fernadez-Montes v. Allied Pilots Ass'n*, 987 F.2d 278, 284 (5th Cir. 1993)).

### III.   ARGUMENT AND AUTHORITIES

### A.   All Section 1983 claims should be dismissed.

#### 1.   There is no vicarious or *respondeat superior* liability under Section 1983.

Plaintiff seeks money damages against Commissioner Tindell in his individual capacity for alleged constitutional violations through Section 1983. Plaintiff, however, does not assert a single "fact" that Tindell was involved in any alleged deprivation of her constitutional rights. Rather, Plaintiff vaguely alleges that she attended social gatherings at a home co-owned by an LLC of which Tindell is the registered agent, but those invitations eventually dried up. [Doc. 17, ¶ 15]. The only other factual allegation involving Tindell is that he once questioned Plaintiff regarding derogatory statement concerning the agency and took possession of her state-issued phone. [Doc. 17, ¶ 16]. Neither of these alleged "facts" amount to a deprivation of Plaintiff's constitutional rights.

As a threshold matter, "[a] government-official sued in his or her personal capacity 'may not be held liable for the unconstitutional conduct of their subordinates under a theory of *respondeat superior*.'" *Johnson v. Harris County*, 83 F.4th 941, 946 (5th Cir. 2023)(quoting *Iqbal*, 556 U.S. at 676; *see Thompkins v. Belt*, 828 F.2d 298, 304 (5th Cir. 1987); *Evett v. DETNTFF*, 330 F.3d 681, 689 (5th Cir. 2003)(holding Section 1983 does not create vicarious or *respondeat superior* liability). A plaintiff must establish that the defendant was either personally involved in the deprivation or that his wrongful actions were causally connected to the deprivation. *Anderson v. Pasadena Indep. Sch. Dist.,* 184 F.3d 439, 443 (5th Cir. 1999). A supervisor is not personally liable for his subordinate's actions in which he had no involvement. *Id.* at 443–44; *see also Iqbal*, 129 S. Ct. at 1948 ("Because vicarious liability is

inapplicable to . . . [Section] 1983 suits, a plaintiff must plead that each Government-official defendant, *through the official's own individual actions*, has violated the Constitution."). *Id.* (emphasis supplied); *Monell v. New York City Dep't of Soc. Servs.,* 436 U.S. 658, 691 (1978); *Oliver v. Scott*, 276 F.3d 736, 742 & n.6 (5th Cir. 2002); *James v. Texas Collin Cty.*, 535 F.3d 365, 373 (5th Cir. 2008). Further, a supervisor cannot be liable under Section 1983 if there is no constitutional violation. *Rios v. City of Del Rio, Tex.*, 444 F.3d 417, 425-26 (5th Cir. 2006).

Plaintiff does not set forth factual allegations that Commissioner Tindell violated her constitutional rights in any way. Rather, Plaintiff's only factual allegations concerning Tindell are that some unidentified person stopped inviting her to parties and that Tindell took her state-issued phone while questioning her. [Doc. 17, ¶¶ 15, 16]. Tindell is entitled to qualified immunity, and Plaintiff's Section 1983 claim against him should be dismissed.

### 2. <u>Tindell is entitled to qualified immunity on all Section 1983 claims and those claims should also be dismissed under Rule 12(b)(6).</u>

Tindell is entitled to qualified immunity on all individual capacity Section 1983 claims, and they must be dismissed. Regardless, Plaintiff's Section 1983 claims fail to state plausible claims under Rule 12(b)(6). Qualified immunity provides "ample protection to all but the plainly incompetent or those who knowingly violate the law." *Malley v. Briggs*, 475 U.S. 335, 341 (1986). "Qualified immunity is not a defense to liability; rather, qualified immunity operates as an immunity from suit altogether." *Reyes v. Runnels County, Texas*, 2007 WL 9718607 at *3 (N.D. Tex. Sept. 25, 2007)(citing *Saucier v. Katz*, 533 U.S. 194, 121 S. Ct. 2151, 150 L.Ed. 2d 272 (2001)).

A "plaintiff seeking to overcome qualified immunity must plead specific facts that both allow the court to draw the reasonable inference that the defendant is liable for the harm he has alleged and that defeat a qualified immunity defense with equal specificity." *Robertson v. Univ. of Miss. Medical Center*, No. 3:18-cv-546-HSO-JCG, 2020 WL 1339627, at * 5 (S.D. Miss. March 23, 2020)(citations omitted). Thus, a plaintiff "cannot be allowed to rest on general characterizations, but must speak to the factual particulars of the alleged actions, at least when those facts are known to the plaintiff and are not peculiarly within the knowledge of defendants." *Id.* (quoting *Schultea v. Wood*, 47 F.3d 1427, 1432 (5th Cir. 1995)). "Consequently, the plaintiff in a § 1983 suit 'must shoulder the burden of pleading a prima facie case, including the obligation of alleging detailed facts supporting the contention that the plea of immunity cannot be sustained.'" *Nieto v. San Perlita Indep. Sch. Dist.*, 894 F.2d 174, 178 (5th Cir. 1990)(quoting *Lynch v. Cannatella*, 810 F.2d 1363, 1376 (5th Cir. 1987) (additional citation omitted)); *see Garth v. Curlee*, No. 1:17-cv-94-SA-DAS, 2018 WL 4571870, at *3 (N.D. Miss. Sept. 24, 2018)("'[T]o survive [a motion to dismiss],' a plaintiff must plead the defendant alleged constitutional violations 'with factual detail and particularity, not mere conclusory allegations.'")(quoting *Wells v. Newkirk-Turner*, No. 3:13-cv-733-DPJ, 2014 WL 5392960, at *3 (S.D. Miss. Oct. 22, 2014) (quoting *Anderson*, 184 F.3d at 443).

In assessing a claim of qualified immunity, courts apply a two-part analysis. "Once a defendant raises qualified immunity, the burden shifts to the plaintiff to allege that (1) the defendant violated a statutory or constitutional right, and (2) the

right was 'clearly established' at the time of the challenged conduct." *Issa v. Tex. Dept. of Criminal Justice*, No. 1:22-cv-001107-ADA, 2023 WL 4923971, at * 15 (W.D. Tex. Aug. 1, 2023)(quoting *Benfield v. Magee*, 945 F.3d 333, 337 (5th Cir. 2019) (quoting *Ashcroft v. al-Kidd*, 563 U.S. 741, 735 (2011)); *see e.g., Payne v. Univ. of Southern Miss.*, No. 1:12-cv-41-KS-MTP, 2014 WL 691563, at * 14 (S.D. Miss. Feb. 21, 2014) ("After a defendant invokes the defense of qualified immunity, the plaintiff has the burden of showing its inapplicability.")(citing *Tolan v. Cotton,* 713 F.3d 299, 305 (5th Cir. 2013)). "Courts have discretion to decide which of the two prongs of the qualified-immunity analysis to address first." *Issa*, 2023 WL 4923971 at *15 (citing *Pearson v. Callahan*, 555 U.S. 223, 236 (2009)).

The threshold question is "whether Plaintiff's allegations establish a constitutional violation." *Hope v. Pelzer*, 536 U.S. 730, 736 (2002). If "no constitutional right would have been violated were the allegations established, there is no necessity for further inquiries concerning qualified immunity." *Saucier v. Katz*, 533 U.S. 194 (2001), succeeded from on other grounds by *Pearson*, 555 U.S. at 223. However, "if a violation could be made out, the next sequential step is to ask whether the right was clearly established." *Id.* at 201. The "relevant, dispositive inquiry in determining whether a right is clearly established is whether it would be clear to a reasonable officer that his conduct was unlawful in the situation confronted." *Id.* at 202. Here, Plaintiff has not even remotely alleged any violation of clearly established statutory or constitutional rights by Tindell, and he is entitled to qualified immunity.

a. <u>Equal Protection</u>

"The Fourteenth Amendment provides that '[n]o State shall … deny to any person within its jurisdiction the equal protection of the laws.'" *Issa*, 2023 WL 4923971 at *15 (quoting U.S. Const. amend. XIV, § 1). Thus, "[a] plaintiff suing her public employer for sex discrimination may assert claims under both Title VII and the Equal Protection Clause pursuant to Section 1983." *Id.* (citing *Southard v. Texas Bd. of Crim. Just.*, 114 F.3d 539, 550 (5th Cir. 1997)). However, "[w]hen Section 1983 is used as a parallel remedy with Title VII in a sex discrimination suit, the elements of the causes of action are the same under both statutes." *Id.* (citing *Mullenix*, 577 U.S. at 12)(quoting *Malley v. Briggs*, 475 U.S. 335, 341 (1986)); *see Stark v. Univ. of Southern Miss.*, 8 F. Supp.3d 825, 836 (S.D. Miss. 2014)("employment discrimination claims brought under § 1983 'are analyzed under the evidentiary framework applicable to claims under Title VII. . . .'")(quoting *Lawrence v. Univ. of Tex. Med. Branch at Galveston*, 163 F.3d 309, 311 (5th Cir. 1999)).

Plaintiff alleges sex discrimination and harassment as the basis of her Equal Protection Claim against Tindell.[2] As explained in Section III.B.2. below, Plaintiff

---

[2] To the extent that Plaintiff attempts to assert a retaliation claim pursuant to the Equal Protection Clause that also fails and should be dismissed. "[T]he Equal Protection Clause does **not** preclude workplace retaliation." *Jackson v. Mississippi*, No. 5:12-cv-94-DPJ-FKB, 2012 WL 5185726, at * 2 (S.D. Miss. Oct. 18, 2012)(emphasis added)(citing *Teigen v. Renfrow*, 511 F.3d 1072, 1086 (10th Cir. 2007)("The mere illegality of a retaliatory action under a separate body of law does not make the resulting classification so illegitimate, irrational, or arbitrary as to violate the Equal Protection Clause.")(citation omitted); *Bernheim v. Litt*, 79 F.3d 318, 323 (2nd Cir. 1996)("[W]e know of no court that has recognized a claim under the equal protection clause for retaliation following complaints of racial discrimination); *Ratliff v. DeKalb Cnty.*, 62 F.3d 338, 341 (11th Cir. 1995) (reversing and holding that "no established right exists under the equal protection clause")(additional citations omitted); *Smith v. Miss. State Univ.*, No. 1:17-cv-35-DMB-DAS, 2018 WL 934859, at * 5 (N.D. Miss. Feb. 16, 2018) ("[T]he Equal Protection Clause of the Fourteenth Amendment does not support a § 1983 claim for retaliation)(citing *Matthews v. City of West Point*, 863 F. Supp.2d 572, 604 (N.D. Miss. 2012)(collecting cases)).

has not stated a plausible claim for sex discrimination because she fails to identify any comparators, thus this count should also be dismissed under Rule 12(b)(6). Likewise, Plaintiff's equal protection-harassment based claim against Tindell should also be dismissed pursuant to Rule 12(b)(6). "A hostile work environment exists when the workplace is 'permeated with discriminatory intimidation, ridicule, and insult that is sufficiently severe or pervasive to alter the terms of conditions of the victim's employment.'" *Johnson v. Halstead*, 916 F.3d 410, 417 (5th Cir. 2019)(quoting *Harris v. Forklift Sys., Inc.*, 510 U.S. 17, 21, 114 S. Ct. 367, 126 L.Ed.2d 295 (1993)). Plaintiff makes no factual allegations concerning Tindell that rise to the level required to state a valid Section 1983 hostile work environment claim against him.  [Doc. 17, ¶¶ 15-16].  Importantly, "[b]ecause vicarious liability is inapplicable to § 1983 suits, a plaintiff must plead that each defendant who is a government official has violated the Constitution, through the official's own individual actions."  *Issa,* 2023 WL 4923971 at *16. Plaintiff has failed to do so.

Although both "[s]ex discrimination and sexual harassment in public employment violate the Equal Protection Clause of the Fourteenth Amendment", Plaintiff has not plead a single "fact" concerning Tindell that would amount to such a claim. *Id.*  Rather, a supervisory official, such as Tindell, may only be held liable under § 1983 if the official "(1) affirmatively participates in the acts that cause the constitutional deprivation, or (2) implements unconstitutional policies that causally result in the constitutional injury." *Id.* at 17.

Plaintiff fails to allege that Commissioner Tindell violated her constitutional rights

in any way. *See* [Doc. 17, ¶¶ 15, 16]. Plaintiff's bare-bones, conclusory allegation that Tindell deprived her of her rights "under the Equal Protection Clause of the Fourteenth Amendment by subjecting her to sex-based discrimination and harassment"—are merely that—conclusory allegations that are insufficient to defeat a motion to dismiss. *See* [Doc. 17, ¶ 32]. However, "a plaintiff seeking to overcome qualified immunity must plead specific facts that both allow the court to draw the reasonable inference that the defendant is liable for the harm [ ] alleged and that defeat a qualified immunity defense with equal specificity." *Jackson*, 2012 WL 5185726 at * 2. Plaintiff has utterly failed to do so, and Tindell is entitled to qualified immunity on her Equal Protection claim.

### b. Due Process (Substantive and Procedural Due Process)

Plaintiff vaguely alleges that Tindell retaliated against her in violation of her "procedural due process rights guaranteed by the Fourteenth Amendment by transferring her and then terminating her employment without adequate notice, a fair hearing, or legitimate cause." [Doc. 17, ¶ 37].[3] As discussed in Section III.B.3 below, Plaintiff's retaliation claim should be dismissed because she does not allege— nor did she—engage in any protected activity. Moreover, **yet again**, Plaintiff fails to put forth any substantive factual allegations regarding Tindell to support this conclusory allegation. Simply stated, Plaintiff has again failed to state any constitutional violation. Tindell is entitled to qualified immunity, but regardless, this claim should be dismissed pursuant to Rule 12(b)(6).

---

[3] As explained *infra,* Plaintiff's allegation is objectively false.

i. <u>Substantive Due Process</u>

"The substantive component of the Due Process Clause 'protects individual liberty against certain governmental actions regardless of the fairness of the procedures used to implement them.'" *Stark*, 8 F. Supp.3d at 841 (quoting *Collins v. City of Harker Heights, Tex.*, 503 U.S. 115, 125, 112 S. Ct. 1061, 117 L.Ed.2d 261 (1992)(additional citation omitted). To establish a claim for substantive due process in the context of public employment, a plaintiff must show: "(1) that he had a property interest/right in his employment, and (2) that the public employer's termination of that interest was arbitrary or capricious." *Id.* (quoting *Lewis v. Univ. of Tex. Med. Branch at Galveston*, 665 F.3d 625, 630 (5th Cir. 2011)(additional citation omitted)).

"The official's conduct must be arbitrary, or conscious shocking, in a constitutional sense." *Id.* (quoting *Doe v. ex rel. Magee*, 675 F.3d at 867)(quoting *County of Sacremento*, 523 U.S. at 847, 118 S. Ct. 1708)). Conduct sufficient to shock the conscious for substantive due process purposes has been described as conduct that "violates the decencies of civilized conduct" or conduct that is "so brutal and offensive that it [does] not comport with traditional ideas of fair play and decency" or conduct that "interferes with rights implicit in the concept of ordinary liberty" and conduct that "is so egregious, so outrageous, that it may fairly be said to shock the contemporary conscious." *Id.* (quoting *Lewis*, 523 U.S. at 846-47 & n. 8, 118 S. Ct. 1708). "[T]he burden to show state conduct that shocks the conscious is <u>extremely high</u>, requiring stunning evidence of arbitrariness and caprice that extends beyond

11

mere violations of state law, even resulting from bad faith to something more egregious and more extreme." *Id.* at 842 (emphasis added)(citing *J.R. v. Gloria*, 593 F.3D 73, 80 (1st Cir. 2010)).

The scant factual allegations that some unidentified person stopped inviting Plaintiff to parties and that Tindell took Plaintiff's state-issued phone simply do not rise to the level of conduct that "shocks the conscious." Further, as discussed in detail below, Plaintiff was afforded notice and a hearing before the agency. Accordingly, Tindell is entitled to qualified immunity, and Plaintiff's substantive due process claim should also be dismissed under Ruler 12(b)(6). *Id.*; *Wilson v. College of the Mainland*, 476 Fed.Appx. 758, 761 (5th Cir. 2012); *Wilson v. City of Hattiesburg*, 396 F.Supp.3d 711, 719-20 (S.D. Miss. 2019).

ii. <u>Procedural Due Process</u>

"To invoke the protections of procedural due process a plaintiff must have suffered a deprivation of life, liberty, or property." *Garth*, 2018 WL 4571870 at *3 (citing *Tolar v. City of Greenville*, No. 4:96-cv-34-D-B, 1997 WL 332168, at *3 (S.D. Miss. June 4, 1997)(citing *Blackburn v. City of Marshall*, 42 F.3d 925, 935 (5th Cir. 1995)). If a property interest is taken, "'some form of a hearing is required' before a final deprivation of the interest." *Id.* (quoting *Hampton Co. Nat. Sur, LLC v. Tunica Cty., Miss.*, 543 F.3d 221, 224 (5th Cir. 2008)(additional citation omitted).

"In the public employment context, '[e]laborate pretermination proceedings are not mandated. . . because of the excessive burden they would put on the government's interest in quickly removing an unsatisfactory employee." *McMullen v. Starkville*

*Oktibbeha Consolidated Sch. Dist.*, 200 F. Supp.3d 649, 657 (N.D. Miss. 2016)(internal quotations omitted)(quoting *Schaper v. City of Huntsville*, 813 F.2d 709, 716 (5th Cir. 1987)(quoting *Cleveland Bd. of Education v. Loudermill*, 470 U.S. 532, 546, 105 S. Ct. 1487 (1985)). Under Supreme Court and Fifth Circuit precedent, a plaintiff is entitled to a minimum due process of "(1) 'oral and written notice of the charges against her,' (2) 'an explanation of the employer's evidence,' and (3) 'an opportunity to present her side of the story.'" *Id.* (quoting *Page v. DeLaune*, 837 F.2d 233, 239 (5th Cir. 1999)(quoting *Loudermill*, 470 U.S. at 546).

Aside from the conclusory allegation that Tindell deprived Plaintiff's rights by transferring her and then terminating her employment without adequate notice, a fair hearing, or legitimate cause, she asserts <u>zero facts</u> setting forth Tindell's involvement in these events. [Doc. 17, ¶ 37]. Tindell is entitled to qualified immunity on this claim.

Regardless, Plaintiff has failed to state a plausible procedural due process claim. MDPS, in accordance with Section 8.1 of the Mississippi State Employee Handbook, determined that Plaintiff's transfer was <u>not</u> a grievable event, thus she was not entitled to a hearing. Further, Plaintiff was provided notice of the reasons for her termination and a due process hearing before the agency. [Doc. 17, ¶ 19]. Moreover, Plaintiff would have been provided a <u>second</u> hearing on appeal, but for her <u>own conduct</u> in filing an EEOC charge prior to the date set for the hearing. *See* Ex. 1, Employee Appeals Board Order[4]; Rule 9.5 of the Mississippi State Employee

---

[4] The Court may take judicial notice of the December 27, 2024 Order of the Employee Appeals Board **without** converting the instant motion to a Rule 56 motion. "Judicial notice permits a judge to consider

Handbook[5]; and Plaintiff's EEOC Charge at [Doc. 1-1]. Regardless, Plaintiff was provided with notice, an explanation, and an opportunity to be heard—her procedural due process claim fails as a matter of law.

For these reasons, Tindell is entitled to qualified immunity for all claims asserted against him by Plaintiff. Independent of qualified immunity, Plaintiff fails to state a claim against Tindell under Rule 12(b)(6).

### B. Plaintiff's Title VII claims fail as a matter of law.

Plaintiff asserts Title VII claims against MDPS for sex discrimination, harassment, and retaliation—all of which are due to be dismissed.

#### 1. All claims arising before December 28, 2023, must be dismissed because they are time-barred due to Plaintiff's failure to exhaust administrative remedies.

Plaintiff filed an EEOC Charge on June 25, 2024 [Doc. 1-1]. Her Charge alleges retaliation and sex discrimination, indicating that the "earliest" date discrimination took place was "February 13, 2024" and the "latest" date discrimination took place was "February 13, 2024." In the "Particulars," Plaintiff refers to a transfer that occurred on December 29, 2023, and a termination that occurred on February 13, 2024. *Id.* These are discrete events. Plaintiff's Charge includes absolutely no allegations of a hostile work environment or of her being sexually harassed.

---

a generally accepted or readily verified fact as proved without requiring evidence to establish it." *U.S. v. Berrojo,* 628 F.2d 368, 369 (5th Cir. 1980), *see also Dine Citizens Against Ruining Our Environment v. Haaland,* 59 F.4th 1016, n.5 (10th Cir. 2023)("Judicial notice is proper when a fact is beyond debate."). Courts may take such notice at any stage of the proceeding. *Id.* (citing Fed. R. Evid. 201).

[5] Rule 9.5 of the Mississippi Employee Handbook expressly provides, "[a]n employee is not permitted to appeal issues which are pending or have been concluded in a separate administrative or judicial forum. Additionally, at any time during an EAB appeal, if an employee appeals issues pending before the EAB being in a separate administrative or judicial forum, then it is grounds for dismissal of the EAB appeal."

Before filing an action under Title VII, 42 U.S.C. § 2000e-5(e)(1) requires plaintiffs "to exhaust their administrative remedies by filing a charge of discrimination to the [EEOC] within 180 days of the alleged discrimination." *Davis v. Fort Bend Cty.*, 893 F.3d 300, 303 (5th Cir. 2018). Failure to file an EEOC charge within the required time bars a plaintiff from relief. *Id.* at 305-07; *see also Black v. Mississippi Dep't of Rehab. Servs.*, No. 3:20-CV-00643-KHJ-LGI, 2021 WL 1948468, at *4 (S.D. Miss. May 14, 2021), aff'd, No. 22-60409, 2023 WL 4341459 (5th Cir. July 5, 2023). Of note, filing the charge with the EEOC "is a condition precedent" to the filing of a Title VII suit, and a suit that flows from an EEOC charge "is limited by charges of discrimination 'like or related to' allegations contained in the EEOC complaint." *Stith v. Perot Sys. Corp.*, 122 Fed. App'x 115, 118 (5th Cir. 2005)(unpublished)(*quoting Sanchez v. Standard Brands, Inc.*, 431 F.2d 455, 466 (5th Cir.1970)). Applying that principle here, any claims arising out of conduct which occurred more than 180 days prior to June 25, 2024 (which would be December 28, 2023), have *not* been exhausted through the EEOC process and are not properly before the Court.

In stark contrast to her EEOC Charge complaining of a December 29, 2023, transfer and a February 13, 2024 termination, Plaintiff's Amended Complaint makes a complete about-face. Beginning in Paragraph 8, Plaintiff alleges sexual harassment sexual advances, and sexual propositions by unidentified coworkers going back to 2018 ("which began during her training at the Patrol School and persisted throughout her career"). [Doc.17, ¶¶ 8-14]. In Paragraph 26, she specifically cites the elements

15

of a prima facie case of hostile work environment. *Id.* at ¶26. As Count I, Plaintiff specifically cites "harassment" as part of the cause of action and alleges that MDPS subjected her to "sexual harassment" and "an objectively hostile work environment" based on her gender. *Id.* Clearly, Plaintiff wants to bring a sexual harassment hostile work environment claim against MDPS. The window for any such claim has passed.

"The purpose of this exhaustion doctrine is to facilitate the administrative agency's investigation and conciliatory functions and to recognize its role as primary enforcer of anti-discrimination laws." *Filer v. Donley,* 690 F.3d 643, 647 (5th Cir. 2012). Additionally, "[t]he Fifth Circuit has observed that 'one of the central purposes of the employment discrimination charge is to put employers on notice of the existence and nature of the charges against them.'" *Clark v. Auger Servs., Inc.*, 443 F. Supp. 3d 685, 701 (M.D. La. 2020)(quoting *Manning v. Chevron Chem. Co.,LLC,* 332 F.3d 874, 878 (5th Cir. 2003))(additional citations omitted). A recent case from this Court further highlights this requirement. In *Vann v. City of Meridian*, 2023 WL 4919671 (S.D. Miss. 2023), the plaintiff's EEOC charge referenced denied promotions. The *Vann* plaintiff attempted to add a Title VII hostile work environment claim. The court held that "[t]his charge does not allege facts that could put the City on notice of a potential hostile-work-environment claim—it describes disparate treatment and retaliation." The Fifth Circuit has made clear that it is not reasonable to draw a hostile-work-environment claim from allegations of discrete discrimination. *See, e.g., Stith* 122 F. App'x at 118 (stating Plaintiff cannot recover for hostile work environment when "nowhere in the narrative of her EEOC charge is anything other

than the alleged discrete acts of discrimination"); *Gates v. Lyondell Petrochemical Co.*, 227 F. App'x 409 (5th Cir. 2007)(finding that Plaintiff's "hostile environment … claim[ ] could not be expected to grow out of her EEOC discrimination charge when she charged only her employer's discrete acts in terminating and failing to promote her, and made no mention of a hostile work environment or unequal pay"); *Mitchell v. U T L X Mfg., L.L.C.*, 569 F. App'x 228, 231 (5th Cir. 2014)(finding that it was "clear that [plaintiff] raised only his race discrimination and retaliation claims before the EEOC" and thus "the district court correctly dismissed his hostile work environment claim as unexhausted").

Under no circumstances does Plaintiff's Charge put MDPS on notice of any potential sexual harassment or hostile work environment claims. [Doc. 1-1]. All claims relating to sexual harassment and/or hostile work environment must be dismissed as they were not before the EEOC, have not been properly exhausted with the EEOC, and are thus time-barred.

### 2. Plaintiff's sex discrimination claim fails to state a valid claim upon which relief may be granted.

Title VII makes it unlawful for an employer "to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's … sex…." 42 U.S.C. § 2000e-2(a)(1). To establish a prima facie case for discrimination under Title VII, the plaintiff must provide evidence that she: (1) is a member of a protected class; (2) was qualified for her position; (3) was subject to an adverse employment action; and (4) that others similarly situated were treated more favorably. *Willis v.*

*Duro-Last, Inc.*, 2014 WL 11370658, at *1 (S.D. Miss. Aug. 12, 2014). Moreover, while a plaintiff asserting a Title VII claim is not required to *establish* a prima facie case of discrimination or retaliation in her complaint, she *is required* "to plead sufficient facts on all of the ultimate elements of [her Title VII [ ] claim] to make [her] case plausible." *Chhim v. Univ. of Texas at Austin*, 836 F.3d 467 (5th Cir. 2016); *see also Hutcherson v. Siemens Indus., Inc.*, 2018 WL 4571908, at *3 (S.D. Miss. Sept. 24, 2018); *Caldwell v. L-3 Vertex Aerospace*, 2013 WL 1768683, at *1 (S.D. Miss. Apr. 24, 2013).

If a complaint does not allege any facts, direct or circumstantial, that would suggest an employer's actions were based on the plaintiff's sex, or that the employer treated similarly situated employees of the other gender more favorably, dismissal under Rule 12(b)(6) for failure to state a claim is appropriate. *Santana v. Aaron's Inc.*, 2020 WL 12968366 (S.D. Miss. 2020).

Although Plaintiff's EEOC Charge identified "sex" as a basis for discrimination, nothing in Plaintiff's Charge alleges that she was treated differently from someone of the other gender regarding any adverse employment action. In her Amended Complaint, Plaintiff vaguely claims that she was denied advancement to a Special Operations Group "due to sex discrimination;" that she was denied advancement to the "motorcycle team" because it was a "boy's club"; and that she was transferred/reassigned to work in a different district. [Doc. 17, ¶¶ 13, 17, 18]. She does not allege any specific comparators that were allegedly treated more favorably than her, and points to no specific facts to support her sex discrimination claim. In

addition, as to the allegations about the advancement denials, those claims do not fall within the scope of her EEOC Charge, occurred prior to December 28, 2023, and must also be dismissed as they have not been exhausted through the EEOC process and are not properly before the Court.

"[N]o plaintiff is exempt from [his/her] obligation to allege facts sufficient to state all the elements of [a] claim." *Puente v. Ridge*, 324 Fed.App'x 423, 428 (5th Cir. 2009); *see also Monson v. Jazz Casino Co., LLC*, 2012 WL 3138047 (E.D. La. Aug. 1, 2012)(dismissing disparate treatment claim for plaintiff's failure to provide enough information to infer that she was treated differently because she was pregnant); *Teamer v. Napolitano*, 2012 WL 1551309, at *10 (S.D.Tex. May 1, 2012)(dismissing a claim where the plaintiff failed to show facts that the only employee mentioned as a possible comparator was similarly situated to her). "The Fifth Circuit has explained that generalized allegations of disparate treatment of the plaintiffs compared to another non-minority are insufficient to survive a motion to dismiss." *Burrell v. Concept Ag, LLC,* No. 4:19-cv-00124-NBB-JMV, 2020 WL 5821972, at * 5 (N.D. Miss. Sept. 30, 2020)(citing *Body by Cook, Inc. v. State Farm Mut. Auto. Ins.*, 869 F.3d 381 (5th Cir. 2017)). In *Burrell*, the court granted a Rule 12(b)(6) motion where the plaintiff "failed to identify any 'comparators' or similarly situated non-minority farmers who were treated differently by defendants than plaintiffs." *Id.*; *see Gomiller v. Greenwood Leflore Hospital*, No.4:23-cv-75-DMB-JMV, 2023 WL 7752236, at * 3 (N.D. Miss. Nov. 15, 2023)(granting Rule 12(b)(6) motion to dismiss where the complaint failed to allege comparators outside plaintiff's protected class). Here,

Plaintiff has not alleged facts sufficient to state all the elements of a gender discrimination claim. Her bare-bones allegations are completely insufficient to withstand a motion to dismiss.

### 3. Plaintiff's retaliation claim also fails to state a claim upon which relief may be granted.

Title VII prohibits retaliation against employees who engage in protected conduct, which includes complaining to one's employer about alleged discrimination. *See Stone v. Louisiana Dep't of Revenue*, 590 F. App'x 332, 341 (5th Cir. 2014)(citing *Perez v. Region 20 Educ. Serv. Ctr.*, 307 F.3d 318, 325 (5th Cir. 2002)). "To state a claim for retaliation in violation of Title VII, the plaintiff must allege that her employer took an adverse employment action against her in retaliation for engaging in protected activity." *Id.; Hutcherson v. Siemens Indus., Inc.*, 2018 WL 4571908, at *5 (S.D. Miss. Sept. 24, 2018).

Plaintiff is also required to "plead sufficient facts on all of the ultimate elements of [a retaliation] claim to make his case plausible." *Brown v. Veolia Water N. Am. Operating Servs., LLC*, 2023 WL 3485270, at *2 (S.D. Miss. 2023)(quoting *Besser v. Texas General Land Office*, 834 Fed. App'x 876, 881 (5th Cir. 2020); *see also Wright v. Union Pacific R.R. Co.*, 990 F.3d 428, 433 (5th Cir. 2021)(retaliation plaintiff must only plead elements of claim, not substantiate claim with evidence, at pleading stage). The elements a plaintiff must plead (and ultimately prove) on a retaliation claim are that (1) she engaged in protected activity, (2) she suffered an adverse employment action, and (3) a causal link exists between the protected activity

and the adverse employment action. *Long v. Eastfield College*, 88 F.3d 300, 304 (5th Cir. 1996)).[6]

Plaintiff's only allegation that remotely pertains to a retaliation claim is that she "challenged" her location reassignment by filing a grievance and was then allegedly notified that she would face a due process hearing to determine whether she would be terminated from the Department. [Doc. 17, ¶ 19].

Plaintiff's fatal flaw here is that her "grievance" does not rise to the level of "protected activity." Protected activity is defined as opposition to any practice rendered unlawful by Title VII, including making a charge, testifying, assisting, or participating in any investigation, proceeding, or hearing under Title VII. *Ackel v. Nat'l Commc'ns, Inc.*, 339 F.3d 376, 385 (5th Cir. 2003). An employee has engaged in protected activity under Title VII if she has (1) "opposed any practice made an unlawful employment practice by this chapter," or (2) "made a charge, testified, assisted, or participated in an investigation, proceeding, or hearing under this subchapter." 42 U.S.C. § 2000e-3(a); *see also Byars v. Dallas Morning News, Inc.*, 209 F.3d 419, 427-28 (5th Cir. 2000).

Not all complaints are "protected activities" for purposes of Title VII. To lay the foundation for a retaliation claim, a complaint must "indicate the discrimination occurred because of sex, race, national origin, or some other protected class."

---

[6] Without conceding that Plaintiff has properly pled the remaining elements of a prima facie case of Title VII retaliation, or that MDPS does not have a legitimate, non-retaliatory reason for actions taken, MDPS focuses herein on the absolute failure of Plaintiff to plead that she engaged in "protected activity" under Title VII.

*Morrison v. Dallas County Cmty. College*, 273 Fed.Appx. 407, 410 n.3 (5th Cir. 2008)(quoting *Tomanovich v. City of Indianapolis,* 457 F.3d 656, 663 (7th Cir. 2006)).

Plaintiff simply does not allege in the Amended Complaint that she engaged in protected activity. The only possible "protected activity" she even references in passing in her lawsuit (and her EEOC Charge, for that matter) was the filing of an internal grievance over her transfer to a different troop. She does not allege that the transfer was based on any practice made unlawful by Title VII. While she may believe her transfer to have been unfair, she has not and cannot establish that her grievance had anything to do with her gender. Even so, unfair treatment, unless it is based on a protected trait, is not prohibited by Title VII. *See Tratree v. BP N. Am. Pipelines, Inc.* 277 Fed.App'x 390, 395 (5th Cir. 2008)("complaining about unfair treatment without specifying why the treatment is unfair ... is not protected activity."); *Moore v. United Parcel Serv., Inc.* 150 Fed.App'x 315, 319 (5th Cir. 2005)( "Moore ... was not engaged in a protected activity, as his grievance did not oppose or protest racial discrimination or any other unlawful employment practice under Title VII."); *see also Coleman v. Miss. Dept of Marine Resources*, 2017 WL 4012682 (S.D. Miss. 2017)(complaint of unfair treatment by supervisors without a connection to a protected trait is not an activity protected by Title VII).

The same is true here. Plaintiff's grievance about her transfer/reassignment without a connection to a protected trait is <u>not</u> an activity protected by Title VII. Accordingly, Plaintiff's retaliation claim must be dismissed.

### C. Plaintiff's state law claims for breach of contract and tortious interference with contract also fail.

Plaintiff asserts two state law claims against Defendants for breach of contract and tortious interference with contract—both of which are due to be dismissed under Rule 12(b)(6).

### 1. Plaintiff's breach of contract and tortious interference with contract claims fail.

Plaintiff did not have an employment contract with MDPS, and any purported breach of contract, breach of implied contract, or tortious breach of contract claims fail. Having had no employment contract with MDPS, Plaintiff cannot establish the first element of a breach of contract clam, nor a tortious interference with contract claim. *Mitchell Marine, Inc. v. Southern Marine Towing and Salvage, LLC*, No. 1:19-cv-450-HSO-JCG, 2020 WL 13577534, at * 2 (S.D. Miss. Jan. 28, 2020).

Although Plaintiff was formerly a "state service" employee, that status does not amount to an implied employment contract for an indefinite time. *See* Miss. Code Ann. § 25-9-131.[7] Rather, Miss. Code Ann. § 25-9-127 provides that a state service employee may be dismissed or their compensation or employment status "for inefficiency or other good cause" after written notice and a hearing. This code provision does not create an implied employment contract. Even assuming *arguendo* that it does, the MTCA "grants immunity to the state and its political subdivisions for 'breach of an implied term or condition of any warranty or contract.'" *Haggard v. City of Jackson*, 84 So. 3d 797, 800 (Miss.Ct.App. 2011)(quoting *City of Jackson v.*

---

[7] Since Plaintiff was provided notice and a due process hearing before the agency, the Court may infer that she was a "state service" employee [Doc. 17, ¶ 19].

*Estate of Stewart ex rel. Womack*, 908 So.2d 703, 711 (Miss. 2005)(quoting Miss. Code Ann. § 11-46-3). More specifically, Miss. Code Ann. § 11-46-3(1)(emphasis added) expressly provides that the state and its political subdivisions, "are not now, have never been and shall not be liable, and have always been and shall continue to be immune from suit at law or in equity on account of any wrongful or tortious action or omission or <u>breach of implied term or condition of any warranty or contract</u>. . . ." MDPS denies that it had an implied employment contract with Plaintiff, but even if it had, MDPS is immune from any such claim under the MTCA.[8]

Plaintiff has also failed to comply with the MTCA pre-suit notice requirements under Miss. Code Ann. § 11-46-11(1) and (3)(b), and any implied breach of contract claim should also be dismissed for that reason.

### 2. <u>Plaintiff's tortious interference with contract also fails because MDPS in not a "stranger" and Tindell is entitled to privilege.</u>

Plaintiff did not have an employment contract with MDPS, so she cannot state a valid tortious breach of contract claim. "An action for interference with the contract ordinarily lies when a party maliciously interferes with a **<u>valid and enforceable contract</u>**, causing one party not to perform and resulting in injury to the other contracting party." *Nichols v. Tri-State Brick & Tile,* 608 So.2d 324, 328 (Miss. 1992)(emphasis added). Nonetheless, that claim also fails because MDPS is not a

---

[8] MDPS is a state agency, and therefore receives "arm-of-the-state recognition." *Corn v. Mississippi Dept. of Pub. Safety*, 954 F.3d 268, 274 (5th Cir. 2020), *cert. denied sub nom. Corn v. MS Dept. of Safety*, 20-384, 2020 WL 6385842 (U.S. Nov. 2, 2020)(citing *Whitfield v. City of Ridgeland*, 876 F. Supp. 2d 779, 783–84 (S.D. Miss. 2012)).

"stranger to the relationship" and Tindell is privileged to interfere absent a showing of bad faith.

> To establish a tortious interference with contract claim, Plaintiff must show:

>> (1) that the acts were intentional and willful; (2) that they were calculated to cause damages to the plaintiffs in their lawful business; (3) that they were done with the unlawful purpose of causing damage and loss, without right or justifiable cause on the part of the defendant; and (which constitutes malice); and (4) that actual damage and loss resulted.

*Gulf Coast Hospice LLC v. LHC Group, Inc.*, 273 So.3d 721, 745 (Miss. 2019)(quoting *Cenac v. Murry*, 609 So. 2d 1257, 1268-69 (Miss. 1992)). "If any of the factors are not met, there cannot be a finding of tortious interference ...." *Biglane v. Under The Hill Corp.*, 949 So. 2d 9, 16 (Miss. 2007).

Further, the alleged wrongdoer must be a "'stranger' to the relationship interfered with." *Gulf Coast Hospice LLC*, 273 So.3d at 745 (quoting *Cenac*, 609 So. 2d at 1269. Said differently, "[a] party cannot be charged with interfering with his own contract." *Id.; see Gray v. City of Gautier, Miss.*, No. 1:10-cv-00506-HSO-JMR, 2012 WL 391305, ay *8 (S.D. Miss. Sept. 7, 2012)("Plaintiff could not prevail because he has not alleged that a third party deliberately interfered with his employment relationship."); *Brown v. Prentiss Regional Hosp.*, No. 2:11-cv-180-KS-MTP, 2013 WL 610520, *10 (S.D. Miss. Feb 19, 2013)(holding that under this theory of relief, "a cause of action exists by a party to a contract against some third, outside person who causes the party not to perform). Additionally, "one occupying a position of responsibility on behalf of another is privileged, within the scope of that responsibility and absent bad

faith, to interfere with his principal's contractual relationship with a third person." *Morrison v. Mississippi Enterprise for Technology, Inc.*, 789 So.2d 567, 574 (Miss.Ct.App. 2001)(quoting *Shaw v. Burchfield*, 481 So.2d 247, 255 (Miss. 1985)). "More specifically, a supervisor is privileged to interfere with an employee's employment contract unless the supervisor's actions are taken in bad faith." *Jones v. Mississippi Valley State University*, No. 4:20-cv-152-M-JMV, 2021 WL 5629227, at *7 (N.D. Miss. Nov. 30, 2021)(noting the court's "disapproval of what it finds to be the overuse of malicious interference with employment causes of action in employment discrimination and retaliation cases.")(citing *Wigginton v. Washington Cty., Miss.*, 2013 WL 3157565, at *9 (N.D. Miss. June 20, 2013)). To pursue a cause of action, it is accepted that the wrongdoer is a 'stranger' to the contract which was interfered with—an outsider. Further, an agency head, such as Tindell is entitled to supervisory privilege absent a showing of bad faith, but regardless Plaintiff does not assert a single factual allegation that Tindell interfered with her employment in any way. Plaintiff has failed to state a plausible tortious interference with contract claim.

IV.    **CONCLUSION**

For the reasons set forth above, Defendants respectfully request that the Court enter an Order dismissing all of Plaintiff's claims with prejudice.  Pursuant to L.U.Civ.R. 16(b)(3), Defendants further request that the Court enter an Order staying the attorney conference and disclosure requirements and all discovery, pending the Court's ruling on their Motion to Dismiss Under Federal Rule of Civil Procedure

12(b)(6), including any appeal.  Defendants also request such other and further relief as the Court deems appropriate.

RESPECTFULLY SUBMITTED, this the 12th day of February, 2025.

**MISSISSIPPI DEPARTMENT OF PUBLIC SAFETY AND SEAN TINDELL, INDIVIDUAL CAPACITY,** *Defendants*

**LYNN FITCH, ATTORNEY GENERAL STATE OF MISSISSIPPI**

*/s/ Lindsay Thomas Dowdle*
Special Assistant Attorney General

STATE OF MISSISSIPPI
OFFICE OF THE ATTORNEY GENERAL
LINDSAY THOMAS DOWDLE (MSB # 102873)
Post Office Box 220
Jackson, Mississippi  39205-0220
601-359-3020
Lindsay.Dowdle@ago.ms.gov

## CERTIFICATE OF SERVICE

I, the undersigned, do hereby certify that I have this day sent via electronic through the Court's ECF filing system, a true and correct copy of the above and foregoing document, together with the exhibits referenced therein, to all counsel of record.

This, the 12th day of February, 2025.

*/s/ Lindsay Thomas Dowdle*
Special Assistant Attorney General