IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

IVANA WILLIAMS                                                                        PLAINTIFF

V.                                               CIVIL ACTION NO. 3:24-CV-00606-KHJ-MTP

MISSISSIPPI DEPARTMENT OF
PUBLIC SAFETY, SEAN TINDELL,
AND JOHN DOES 1-10                                              DEFENDANTS

**DEFENDANTS' REPLY BRIEF IN SUPPORT OF MOTION TO DISMISS
FIRST AMENDED COMPLAINT [DOC. 17] UNDER FED. R. CIV. P. 12(b)(6)**

Defendants, the Mississippi Department of Public Safety (MDPS) and the Commissioner of MDPS, Sean Tindell's (Tindell) (collectively Defendants) Motion to Dismiss should be granted. As an initial matter, Plaintiff, Ivana Williams (Plaintiff) failed to respond to several of Defendants' arguments, thus she has abandoned those claims, but regardless they fail. Second, in her Response [31], Plaintiff misrepresents "facts" that were not actually asserted in her Amended Complaint [17], and she cannot amend her Complaint through a response. Third, Tindell has raised qualified immunity and Plaintiff failed to meet her burden to overcome that immunity, regardless Plaintiff's Section 1983 claims fail under Rule 12(b)(6). Further, Plaintiff's Title VII and state law claims should be dismissed for her failures to state plausible claims.

I. **Plaintiff failed to respond to several of Defendants' arguments, thus she abandons those claims, but nonetheless they fail.**

In her Response [31], Plaintiff simply failed to respond to several of Defendants' arguments, thus the Court may dispose of the following claims: (1)

1

breach of contract/implied contract, (2) retaliation, (3) all Title VII-based allegations that occurred more than 180 days before her EEOC charge, and (4) tortious interference with contract against MDPS. *See Houston v. Tex. Dep't of Agriculture*, 17 F.4th 576, 585 (5th Cir. 2021)(stating that claims are abandoned when a party fails to substantively brief them)(citing *Cinel v. Connick*, 15 F.3d 1338, 1345 (5th Cir. 1994)("A party who inadequately briefs an issue is considered to have abandoned the claim."));*Riddell v. Howmedica Osteonics Corp.*, No. 3:14cv705-DPJ-FKB, 2015 WL 5167039, *9 (S.D. Miss. Sept. 3, 2015)(citing *see Estate of Pernell*, 2010 WL 1737638, at *4)(where plaintiff fails to substantively respond to an argument, he abandons the claim); *Haywood v. Mississippi Department of Corrections*, no. 3:16-cv-81-HTW-LRA, 2017 WL 4508891 at *4 (S.D. Miss. May 31, 2017)("It is well established Fifth Circuit precedent that, 'the failure to brief is fatal to any claim.'").

Although she sets forth a purported breach of implied contract claim,[1] Plaintiff completely ignores Defendants' argument that such a claim is barred by Section 11-46-3(1) of the Mississippi Tort Claims Act (MTCA), and she further fails to address her non-compliance with the requisite notice provisions under the MTCA for such a claim.[2] To be clear, Plaintiff failed to respond to these arguments <u>in any way</u>. For those reasons alone, the Court may dispose of Plaintiff's breach of contract/implied contract claims and they otherwise fail as a matter of law.

---

[1] By failing to respond to Defendants' argument that Plaintiff had no express employment contract with MDPS, she concedes that issue and has also abandoned any breach of express contract claim.
[2] Miss. Code Ann. § 11-46-3(1) expressly provides that the state and its political subdivisions "are not now, have never been, and shall not be liable, and have always been and shall continue to be immune from suit at law or equity on account of any . . . breach or implied term or condition of any contract." Further, Miss. Code Ann. §§ 11-46-11(1) and (3)(b) impose pre-suit notice requirements under the MCTA that Plaintiff did not comply with.

As to her Title VII claims, Plaintiff did not respond to Defendants' argument on retaliation, and she failed to provide any substantive response why her allegations of events that occurred more than 180 days before her EEOC charge are not time barred. Plaintiff did not respond—<u>in any way</u>—to Defendants' argument that her "grievance" is not "protected activity" under Title VII because it was not based on a protected characteristic. *E.g., Morrison v. Dallas County Cmty. College*, 273 Fed.Appx. 407, 410 n.3 (5th Cir. 2008)(quoting *Tomanovich v. City of Indianapolis,* 457 F.3d 656, 663 (7th Cir. 2006)(To lay the foundation for a retaliation claim, a complaint must "indicate the discrimination occurred because of sex, race, national origin, or some other protected class."). Further, although she vaguely asserts that her Title VII claims are not time barred, she failed to provide any substantive response <u>whatsoever</u> to Defendants' argument that claims occurring more than 180-days before an EEOC charge are time barred. *Davis v. Fort Bend Cty.*, 893 F.3d 300, 303-7 (5th Cir. 2018)("to exhaust administrative remedies by filing a charge of discrimination to the [EEOC] <u>within 180 days of the alleged discrimination</u>."); *see also Black v. Mississippi Dep't of Rehab. Servs.*, No. 3:20-CV-00643-KHJ-LGI, 2021 WL 1948468, at \*4 (S.D. Miss. May 14, 2021), aff'd, No. 22-60409, 2023 WL 4341459 (5th Cir. July 5, 2023). Nonetheless, it is blackletter law that a retaliation claim must be based on "protected activity" involving a protected characteristic **<u>and</u>** that a claimant must file an EEOC charge within 180 days of the alleged discrimination or retaliation. Accordingly, the Court should dismiss Plaintiff's retaliation claim and

3

any Title VII-based allegations 180 days prior to June 25, 2024 (meaning later than December 28, 2023).

Additionally, Plaintiff failed to address MDPS's tortious interference with contract argument that it could not be liable since no contract exists, but even if it did, MDPS would not be a "stranger" to any such contract. Thus, Plaintiff has abandoned this claim against MDPS; nonetheless, it fails as a matter of law. *Gulf Coast Hospice LLC v. LHC Group, Inc.*, 273 So.3d 721, 745 (Miss. 2019)(quoting *Cenac v. Murry*, 609 So. 2d 1257, 1268-69 (Miss. 1992))("[a] party cannot be charged with interfering with his own contract.").

## II. In her Response, Plaintiff misrepresents "facts" that were not alleged in her Amended Complaint, and she cannot amend her Complaint through her Response.

Plaintiff bases several arguments in her Response [31] on facts that were simply never alleged in her Amended Complaint [17]. "[O]n a Rule 12(b)(6) motion, our courts consider[] **only** 'the facts stated in the complaint and the documents either attached to or incorporated in the complaint.'" *Doe v. Ferguson*, No. 24-40231, 2025 WL 484518, *4 (5th Cir. Feb. 13, 2025)(emphasis added). Plaintiff is not allowed to mislead the Court, but rather her allegations are restricted to "facts" actually pled in her Amended Complaint, and she cannot amend her Complaint through a response.

Indeed, Plaintiff's Amended Complaint [17] contains only two actual factual allegations concerning Tindell: (1) that "upon information and belief" he is the co-owner and registered agent of an LLC which owns a residence where Plaintiff attended parties, but some unidentified person stopped inviting her and (2) he

directed Plaintiff to his office where he asked her about derogatory statements that she made about MDPS and took possession of her state-issued phone. [17, ¶¶15-16]. The only other allegation that concerns Tindell is that "[i]ndividuals responsible for Plaintiff's transfer and termination, including Tindell, retaliated against Plaintiff. . . .", yet she fails to assert <u>any</u> "facts" concerning Tindell's purported involvement in her transfer or her termination. [17, ¶ 39]. Any remaining mention of Tindell in the Amended Complaint include nothing more than threadbare, conclusory recitations of causes of action insufficient to withstand a Rule 12(b)(6) motion. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)(citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

In her Response [31], Plaintiff relies on a series of "facts" that clearly are **<u>not</u>** contained in her Amended Complaint [17], including, but not limited to:

- Tindell "had her phone <u>unlawfully</u> confiscated" [31, p. 3, ¶k];

- Tindell "direct[ed] her transfer to a district 100 miles away without justification" [31, p.5];

- Tindell "fail[ed] to address the hostile work environment" and "actually provided the hostile work environment" [31, p. 5];

- Tindell "was directly involved in the discriminatory and retaliatory actions that led to her transfer and termination" [31, pp. 10-11];

- Tindell allowed "a policy that discriminates against women in favor of promoting men and refusing the [sic]protect the constitutional rights of female employees" [31, pp. 13-14];

- "Defendants terminated Plaintiff's employment based on false or invalid information and conduct that is prevalent and rampant throughout MDPS" [31, p. 15]; and

- Tindell "was present for Plaintiff's hearing and made the decision to ultimately terminate Plaintiff" [31, p. 15].

5

Plaintiff may not amend her Amended Complaint [17] through her Response. "Claims and supporting factual allegations must be raised in the complaint and may not be presented only in a response to a motion to dismiss or in a motion for summary judgment." *Ewing v. Richie*, No. 1:16-cv-90-HSO-JCG, 2017 WL 724343, *2 (S.D. Miss. Jan. 9, 2017) (additional citations omitted); *Carlisle v. Elite Trucking Services, LLC*, No. 1:16-cv-257-HSO-JCG, 2016 WL 11608938, *2 (S.D. Miss. Sept. 30, 2016) (same). Accordingly, the Court should disregard all of the "facts" contained in Plaintiff's Response that were never alleged in her Amended Complaint. Based on the "facts" <u>actually contained</u> in her Amended Complaint, the Court should dismiss all of Plaintiff's claims as discussed below.

### III. <u>Tindell has properly raised qualified immunity, and Plaintiff did not meet her burden to overcome that immunity, but regardless, she failed to state plausible Section 1983 claims.</u>

Tindell properly raised qualified immunity in his responsive pleading to Plaintiff's Amended Complaint, but she has failed to meet <u>her burden</u> to overcome that immunity.[3] Regardless, Plaintiff failed to state plausible Section 1983 claims for violations of equal protection or due process against Tindell.

---

[3] Relying on twenty-year old precedent, which has been partially overruled, Plaintiff argues that Tindell failed to properly raise the defense of qualified immunity by failing to plead that he acted in good faith concerning acts within the scope of his discretionary authority [31, pp. 7-8] (citing *Whiting v. Tunica Cty.*, 222 F. Supp.2d 809, 815 (N.D. Miss. 2002). However, more recent caselaw has evolved away from this language. *See, e.g., Doe v. Ferguson*, No. 24-40231, 2025 WL 484518, *4 (5th Cir. Feb. 13, 2025); *Issa v. Tex. Dept. of Criminal Justice*, No. 1:22-cv-001107-ADA, 2023 WL 4923971, at * 15 (W.D. Tex. Aug. 1, 2023)(quoting *Benfield v. Magee*, 945 F.3d 333, 337 (5th Cir. 2019)); *see e.g., Payne v. Univ. of Southern Miss.*, No. 1:12-cv-41-KS-MTP, 2014 WL 691563, at * 14 (S.D. Miss. Feb. 21, 2014) ("After a defendant invokes the defense of qualified immunity, the plaintiff has the burden of showing its inapplicability.")(citation omitted). Regardless, it is implicit from the allegations concerning Tindell <u>actually alleged</u> in the Amended Complaint that his acts were discretionary, rather than ministerial [17, ¶¶ 15-16].

"Once a defendant raises qualified immunity, <u>the burden shifts to the plaintiff</u> to allege that (1) the defendant violated a statutory or constitutional right, and (2) the right was 'clearly established' at the time of the challenged conduct." *Issa*, 2023 WL 4923971 * 15(quoting *Benfield*, 945 F.3d at 337 (additional citation omitted); *see e.g., Payne.*, 2014 WL 691563 * 14 ("After a defendant invokes the defense of qualified immunity, the plaintiff has the burden of showing its inapplicability.")(citation omitted). The threshold question is "whether Plaintiff's allegations establish a constitutional violation." *Hope v. Pelzer*, 536 U.S. 730, 736 (2002) (emphasis added). If "no constitutional right would have been violated were the allegations established, there is no necessity for further inquiries concerning qualified immunity." *Saucier v. Katz*, 533 U.S. 194, 201 (2001), *abrogated on other grounds by Pearson v. Callahan*, 555 U.S. 223 (2009).

Plaintiff failed meet her burden to overcome qualified immunity because she has not alleged any conduct by Tindell that remotely amounts to a constitutional violation. Importantly, "[b]ecause vicarious liability is inapplicable to § 1983 suits, a plaintiff must plead that each defendant who is a government official has violated the Constitution, through the official's own individual actions." *Issa,* 2023 WL 4923971 at *16. A "plaintiff seeking to overcome qualified immunity must plead specific facts that both allow the court to draw the reasonable inference that the defendant is liable for the harm he has alleged and that defeat a qualified immunity defense with equal specificity." *Robertson v. Univ. of Miss. Medical Center*, No. 3:18-cv-546-HSO-JCG, 2020 WL 1339627, at * 5 (S.D. Miss. March 23, 2020)(citations omitted). Thus, a

plaintiff "cannot be allowed to rest on general characterizations, but must speak to the factual particulars of the alleged actions, at least when those facts are known to the plaintiff and are not peculiarly within the knowledge of defendants." *Id.* (quoting *Schultea v. Wood*, 47 F.3d 1427, 1432 (5th Cir. 1995)); *see Garth v. Curlee*, No. 1:17-cv-94-SA-DAS, 2018 WL 4571870, at *3 (N.D. Miss. Sept. 24, 2018)("'[T]o survive [a motion to dismiss],' a plaintiff must plead the defendant alleged constitutional violations 'with factual detail and particularity, not mere conclusory allegations.'")(quoting *Wells v. Newkirk-Turner*, No. 3:13-cv-733-DPJ, 2014 WL 5392960, at *3 (S.D. Miss. Oct. 22, 2014)(quoting *Anderson v. Pasadena Indep. Schl. Dist.*, 184 F.3d 439, 443 (5th Cir. 1999)).

Even taken as true, the scant factual allegations that some unidentified person stopped inviting Plaintiff to parties at a house owned by an LLC and that Tindell took Plaintiff's state-issued phone simply are not constitutional violations, nor violations of clearly established law [17, ¶¶ 15-16]. Aside from the conclusory allegation that Tindell deprived Plaintiff's rights by transferring her and then terminating her employment without adequate notice, a fair hearing, or legitimate cause, she asserts <u>zero facts</u> setting forth Tindell's involvement in these events. [Doc. 17, ¶ 37]. Tindell has raised qualified immunity, and Plaintiff has not met her burden to overcome it. Regardless, Tindell will address how each Section 1983 claim otherwise fails below.

A. <u>Equal Protection</u>

Plaintiff alleges sex discrimination and harassment as the basis of her Equal Protection claim against Tindell. "When Section 1983 is used as a parallel remedy

8

with Title VII in a sex discrimination suit, the elements of the causes of action are the same under both statutes." *Issa*, 2023 WL 492397 at *15 (citing *Mullenix v. Luna*, 577 U.S. 7, 12 (2015)(quoting *Malley v. Briggs*, 475 U.S. 335, 341 (1986)); *see Stark v. Univ. of Southern Miss.*, 8 F. Supp.3d 825, 836 (S.D. Miss. 2014)(quoting *Lawrence v. Univ. of Tex. Med. Branch at Galveston*, 163 F.3d 309, 311 (5th Cir. 1999)).

Plaintiff has failed to state plausible sex discrimination or harassment claims against Tindell, and these claims also fail under Rule 12(b)(6). As explained further in Section VI.1 below, Plaintiff has not stated a plausible claim for sex discrimination because she fails to <u>identify</u> any comparators.[4] [5] Likewise, Plaintiff's equal protection-harassment based claim against Tindell also fails. "A hostile work environment exists when the workplace is 'permeated with discriminatory intimidation, ridicule, and insult that is sufficiently severe or pervasive to alter the terms of conditions of the victim's employment.'" *Johnson v. Halstead*, 916 F.3d 410, 417 (5th Cir. 2019)(quoting *Harris v. Forklift Sys., Inc.*, 510 U.S. 17, 21, 114 S. Ct.

---

[4] Plaintiff merely continues to assert that some, unidentified males were treated better than her, yet she fails to <u>identify</u> a single comparator, much less assert how that individual is similarly situated to her as to be a proper comparator. "The Fifth Circuit has explained that generalized allegations of disparate treatment of the plaintiffs compared to another non-minority are insufficient to survive a motion to dismiss." *Burrell v. Concept Ag, LLC,* No. 4:19-cv-00124-NBB-JMV, 2020 WL 5821972, at * 5 (N.D. Miss. Sept. 30, 2020)(citing *Body by Cook, Inc. v. State Farm Mut. Auto. Ins.*, 869 F.3d 381 (5th Cir. 2017); *see Gomiller v. Greenwood Leflore Hospital*, No.4:23-cv-75-DMB-JMV, 2023 WL 7752236, at * 3 (N.D. Miss. Nov. 15, 2023)(granting Rule 12(b)(6) motion to dismiss where the complaint failed to allege comparators outside plaintiff's protected class). Further, "[f]or . . . comparators to be similarly situated, . . . they must be 'under nearly identical circumstances'" meaning they held the same job, shared the same supervisor, and have "essentially comparable violation histories", thus "must have been 'nearly identical' to the proffered comparator. *Gomiller v. Greenwood Leflore Hospital*, No. 4:230cv075-DMB-JMV, 2024 WL 2188917 at * 3 (citations omitted).

[5] In her Response, Plaintiff argues that "Tindell participated in these acts by allowing a policy that discriminates against women in favor of promoting men and refusing the [sic] protect the constitutional rights of female employees" [31, pp. 13-14]. Yet again, Plaintiff did **not** plead this purported "fact" in her Amended Complaint, nor does she identify what purported "policy" to which she refers.

9

367, 126 L.Ed.2d 295 (1993)). "The legal standard for workplace harassment is 'high,' and 'merely offensive' conduct is not actionable." *Zuniga v. City of Dallas,* 2024 WL 2734956, at * 3 (5th Cir. May 28, 2024)(internal citations omitted)(quoting *Gowesky v. Singing River Hosp. Syst.,* 321 F.3d 503, 509 (5th Cir. 2003); *Harris,* 510 U.S. at 21). Plaintiff makes no factual allegations in her Amended Complaint concerning Tindell that rise to the level required to state a valid Section 1983 hostile work environment claim against him. [Doc. 17, ¶¶ 15-16]. Plaintiff's bare-bones, conclusory allegation that Tindell deprived her of her rights "under the Equal Protection Clause of the Fourteenth Amendment by subjecting her to sex-based discrimination and harassment"— are merely that—conclusory allegations that are insufficient to defeat a motion to dismiss. *See* [Doc. 17, ¶ 32].

  B. <u>Due Process</u>

    1. <u>Substantive Due Process</u>

"The substantive component of the Due Process Clause 'protects individual liberty against certain governmental actions regardless of the fairness of the procedures used to implement them.'" *Stark*, 8 F. Supp.3d at 841 (quoting *Collins v. City of Harker Heights, Tex.*, 503 U.S. 115, 125 (1992)(additional citation omitted). The official's conduct must be conscious shocking meaning it "violates the decencies of civilized conduct" or conduct that is "so brutal and offensive that it [does] not comport with traditional ideas of fair play and decency" or conduct that "interferes with rights implicit in the concept of ordinary liberty" and conduct that "is so

egregious, so outrageous, that it may fairly be said to shock the contemporary conscious." *Id.* (quoting *Lewis*, 523 U.S. at 846-47 & n. 8, 118 S. Ct. 1708).

Yet, the scant factual allegations **actually asserted** in the Amended Complaint [17] do not rise to the level of conscious shocking, which is "extremely high, requiring stunning evidence of arbitrariness and caprice that extends beyond mere violations of state law, even resulting from bad faith to something more egregious and extreme. *Id.* at 842 (emphasis added)(citing *J.R. v. Gloria*, 593 F.3D 73, 80 (1st Cir. 2010)). Accordingly, Tindell is entitled to qualified immunity, and this claim fails independent of Tindell's qualified immunity.

2. Procedural Due Process

A plaintiff is entitled to a minimum due process of "(1) 'oral and written notice of the charges against her,' (2) 'an explanation of the employer's evidence,' and (3) 'an opportunity to present her side of the story.'" *McMullen v. Starkville Oktibbeha Consolidated Sch. Dist.*, 200 F. Supp.3d 649, 657 (N.D. Miss. 2016)(internal quotations omitted)(quoting *Page v. DeLaune*, 837 F.2d 233, 239 (5th Cir. 1999)(quoting *Loudermill*, 470 U.S. at 546). In her Amended Complaint, Plaintiff makes the conclusory allegation that Tindell deprived Plaintiff's rights by transferring her and then terminating her employment without adequate notice, a fair hearing, or legitimate cause, yet she asserts absolutely no facts setting forth Tindell's involvement in these events. [Doc. 17, ¶ 37]. Tindell is entitled to qualified immunity on this claim.

11

Nonetheless, plaintiff was afforded written notice, an explanation of the evidence against her, and an opportunity to present her side of the story, thus she has not stated a plausible procedural process claim.[6] In her Response, Plaintiff takes issue with that hearing, but she wholly ignores the fact that she was provided a hearing that satisfies due process **and** would have been provided a second hearing on appeal, but for her own conduct in filing an EEOC charge prior to the date set for the second hearing. *See* [21-1]; Rule 9.5 of the Mississippi State Employee Handbook[7]; and [1-1]. Plaintiff's procedural due process claim should also be dismissed for failure to state a plausible claim.

IV. **Plaintiff's Title VII claims fail.**

Plaintiff's Title VII claims against MDPS for sex discrimination[8], harassment, and retaliation[9] all must be dismissed.

---

[6] In accordance with Section 8.1. of the Mississippi State Employee Handbook, MDPS determined that Plaintiff's transfer was not a grievable event, thus she was not entitled to a hearing. Regardless, Plaintiff never alleges that Tindell was involved in this determination.

[7] Rule 9.5 of the Mississippi Employee Handbook expressly provides, "[a]n employee is not permitted to appeal issues which are pending or have been concluded in a separate administrative or judicial forum. Additionally, at any time during an EAB appeal, if an employee appeals issues pending before the EAB being in a separate administrative or judicial forum, then it is grounds for dismissal of the EAB appeal."

[8] As discussed above in Section I, Plaintiff failed to substantively respond to Defendants' argument that all claims that occurred prior to December 28, 2023 are time-barred, thus she has abandoned any Title VII claims prior to that date. Regardless, they fail as a matter of law. *Davis*, 893 F.3d at 303-7 (to exhaust administrative remedies by filing a charge of discrimination to the [EEOC] within 180 days of the alleged discrimination."); *see also Black*, 2021 WL 1948468 at *4, aff'd, No. 22-60409, 2023 WL 4341459 (5th Cir. July 5, 2023).

[9] Also discussed in Section I above, Plaintiff completely failed to respond to Defendants' argument that she has not stated a plausible retaliation claim because her "grievance" was not based on a protected category, thus is not "protected activity" for Title VII purposes, thus her retaliation claim has also been abandoned. Nonetheless, it also fails as a matter of law for that same reason. *E.g., Morrison*, 273 Fed.Appx. at 410 n.3 (quoting *Tomanovich*, 457 F.3d at 663 (To lay the foundation for a retaliation claim, a complaint must "indicate the discrimination occurred because of sex, race, national origin, or some other protected class.").

1. <u>Sex Discrimination</u>

Plaintiff's sex discrimination claim fails as to the fourth element because she has not <u>identified</u> any alleged comparators and many of her allegations fall outside the scope of her EEOC charge. "[N]o plaintiff is exempt from [his/her] obligation to allege facts sufficient to state all the elements of [a] claim." *Puente v. Ridge*, 324 Fed.App'x 423, 428 (5th Cir. 2009); *see also Monson v. Jazz Casino Co., LLC*, 2012 WL 3138047 (E.D. La. Aug. 1, 2012)(dismissing disparate treatment claim for plaintiff's failure to provide enough information to infer that she was treated differently because she was pregnant); *Teamer v. Napolitano*, 2012 WL 1551309, at *10 (S.D.Tex. May 1, 2012)(dismissing a claim where the plaintiff failed to show facts that the only employee mentioned as a possible comparator was similarly situated to her).

In her Amended Complaint, Plaintiff vaguely claims that she was denied advancement to a Special Operations Group "due to sex discrimination;" that she was denied advancement to the "motorcycle team" because it was a "boy's club"; and that she was transferred/reassigned to work in a different district. [Doc. 17, ¶¶ 13, 17, 18]. She does not allege any specific comparators that were allegedly treated more favorably than her, and points to no specific facts to support her sex discrimination claim. In addition, her allegations about the advancement denials do not fall within the scope of her EEOC Charge, occurred prior to December 28, 2023, and must also be dismissed as they have not been exhausted through the EEOC process and are not properly before the Court.

In her Response [31], Plaintiff merely continues to assert that some, unidentified males were treated better than her, yet she fails to <u>identify</u> a single comparator, much less assert how that individual is similarly situated to her as to be a proper comparator.[10] Plaintiff has had ample time to identify purported comparators, but she has failed to do so.

While a plaintiff asserting a Title VII claim is not required to *establish* a prima facie case of discrimination or retaliation in her complaint, she *is required* "to plead sufficient facts on all of the ultimate elements of [her Title VII [ ] claim] to make [her] case plausible." *Chhim v. Univ. of Texas at Austin*, 836 F.3d 467 (5th Cir. 2016); *see also Hutcherson v. Siemens Indus., Inc.*, 2018 WL 4571908, at *3 (S.D. Miss. Sept. 24, 2018); *Caldwell v. L-3 Vertex Aerospace*, 2013 WL 1768683, at *1 (S.D. Miss. Apr. 24, 2013). "The Fifth Circuit has explained that generalized allegations of disparate treatment of the plaintiffs compared to another non-minority are insufficient to survive a motion to dismiss." *Burrell*, 2020 WL 5821972 at * 5 (citing *Body by Cook, Inc.,* 869 F.3d 381). In *Burrell*, the court granted a Rule 12(b)(6) motion where the plaintiff "failed to identify any 'comparators' or similarly situated non-minority farmers who were treated differently by defendants than plaintiffs." *Id.*; *see Gomiller v. Greenwood Leflore Hospital*, No.4:23-cv-75-DMB-JMV, 2023 WL 7752236, at * 3

---

[10] "For . . . comparators to be similarly situated, . . . they must be 'under nearly identical circumstances'" meaning they held the same job, shared the same supervisor, and have "essentially comparable violation histories", thus "must have been 'nearly identical' to the proffered comparator. *Gomiller*, 2024 WL 2188917 at * 3 (citations omitted).

14

(N.D. Miss. Nov. 15, 2023)(granting Rule 12(b)(6) motion to dismiss where the complaint failed to allege comparators outside plaintiff's protected class).

    2. <u>Harassment/Hostile Work Environment</u>

Plaintiff has not exhausted her administrative remedies as to any Title VII hostile work environment/sexual harassment claim because her EEOC charge is completely devoid of any allegations of hostile work environment or of her being sexually harassed.[11] *See* [1-1]. "The purpose of this exhaustion doctrine is to facilitate the administrative agency's investigation and conciliatory functions and to recognize its role as primary enforcer of anti-discrimination laws." *Filer v. Donley,* 690 F.3d 643, 647 (5th Cir. 2012). Additionally, "[t]he Fifth Circuit has observed that 'one of the central purposes of the employment discrimination charge is to put employers on notice of the existence and nature of the charges against them.'" *Clark v. Auger Servs., Inc.*, 443 F. Supp. 3d 685, 701 (M.D. La. 2020)(quoting *Manning v. Chevron Chem. Co.,LLC,* 332 F.3d 874, 878 (5th Cir. 2003))(additional citations omitted).

*Vann v. City of Meridian*, 2023 WL 4919671 (S.D. Miss. 2023) illustrates this point. The *Vann* plaintiff's EEOC charge referenced denied promotions, yet plaintiff attempted to add a Title VII hostile work environment claim. The court held that "[t]his charge does not allege facts that could put the City on notice of a potential hostile-work-environment claim—it describes disparate treatment and retaliation." The Fifth Circuit has made clear that it is not reasonable to draw a hostile-work-environment claim from allegations of discrete discrimination. *See, e.g., Stith v. Perot*

---

[11] Further, to the extent that Plaintiff's harassment allegations arise prior to December 28, 2023, they are also time-barred.

15

*Syst. Corp.*, 122 F. App'x 115,118 (5th Cir. 2005)(stating Plaintiff cannot recover for hostile work environment when "nowhere in the narrative of her EEOC charge is anything other than the alleged discrete acts of discrimination"); *Gates v. Lyondell Petrochemical Co.,* 227 F. App'x 409 (5th Cir. 2007)(finding that Plaintiff's "hostile environment ... claim[ ] could not be expected to grow out of her EEOC discrimination charge when she charged only her employer's discrete acts in terminating and failing to promote her, and made no mention of a hostile work environment or unequal pay"); *Mitchell v. U T L X Mfg., L.L.C.*, 569 F. App'x 228, 231 (5th Cir. 2014)(finding that it was "clear that [plaintiff] raised only his race discrimination and retaliation claims before the EEOC" and thus "the district court correctly dismissed his hostile work environment claim as unexhausted"). Plaintiff has not exhausted her administrative remedies on her hostile work environment/sexual harassment claim and it must be dismissed.

3. Retaliation

As discussed above in Section I, Plaintiff completely failed to address Defendants' argument that her "grievance" is not protected activity because it was not tied to a protected characteristic, thus her retaliation claim has been abandoned. Nonetheless, this claim fails as a matter of law for the same reason. Plaintiff's only allegation that remotely pertains to a retaliation claim is that she "challenged" her location reassignment by filing a grievance and was then allegedly notified that she would face a due process hearing to determine whether she would be terminated from the Department. [Doc. 17, ¶ 19]. This "grievance" does not rise to the level of

16

"protected activity." To lay the foundation for a retaliation claim, a complaint must "indicate the discrimination occurred because of sex, race, national origin, or some other protected class." *Morrison*, 273 Fed.Appx. at 410 n.3 (quoting *Tomanovich,* 457 F.3d at 663). Plaintiff simply does not allege in the Amended Complaint that she engaged in protected activity, and her retaliation claim must be dismissed.

V. **Plaintiff's state law claims for breach of implied contracts and tortious interference with contract also fail.**

As discussed in Section I, Plaintiff fails to address and thus concedes any claim for breach of express contract. Plaintiff's reliance on *Bobbitt v. The Orchard, Ltd.,* 603 So. 2d 356, 361 (Miss. 1992) to create an implied contract is misplaced because she fails to identify any specific written policy manual giving rise to an implied employment contract. But even if she had, Plaintiff completely ignores the fact that that claims for implied breach of contract are barred under the MTCA and she failed to comply with its required pre-suit notice provisions. Miss. Code Ann. §§ 11-46-3(1); 11-46-11(1) and (3)(b). Any claim for breach of express or implied contract has been abandoned, and it also must be dismissed for failure to state a claim.

As also discussed in Section I above, Plaintiff has abandoned her tortious interference with contract claim against MDPS, and it otherwise fails as a matter of law. Her tortious interference claim against Tindell also fails. "[A] supervisor is privileged to interfere with an employee's employment contract unless the supervisor's actions are taken in bad faith." *Jones v. Mississippi Valley State University*, No. 4:20-cv-152-M-JMV, 2021 WL 5629227, at *7 (N.D. Miss. Nov. 30, 2021 (citing *Wigginton v. Washington Cty., Miss.*, 2013 WL 3157565, at *9 (N.D. Miss.

June 20, 2013)). Plaintiff's threadbare assertion in Count V that Tindell's actions "constituted intentional and malicious interference with Plaintiff's employment contract with [MDPS], which is wholly unsupported by any factual allegations is simply insufficient to withstand a Rule 12(b)(6) motion [17, ¶47]. Plaintiff's state law claims should be dismissed.

VI. Conclusion

For the reasons set forth above, Defendants respectfully request that the Court enter an Order dismissing all of Plaintiff's claims with prejudice. Defendants also request such other and further relief as the Court deems appropriate.

RESPECTFULLY SUBMITTED, this the 5th day of March, 2025.

                                        MISSISSIPPI DEPARTMENT OF PUBLIC
                                        SAFETY AND SEAN TINDELL,
                                        INDIVIDUAL CAPACITY, *Defendants*

                                        LYNN FITCH, ATTORNEY GENERAL
                                        STATE OF MISSISSIPPI

                                        */s/ Lindsay Thomas Dowdle*
                                        Special Assistant Attorney General

STATE OF MISSISSIPPI
OFFICE OF THE ATTORNEY GENERAL
LINDSAY THOMAS DOWDLE (MSB # 102873)
Post Office Box 220
Jackson, Mississippi 39205-0220
601-359-3020
Lindsay.Dowdle@ago.ms.gov